**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re: VICTOR HUEZO,

Debtor,

------------------------------

VICTOR HUEZO,

Appellant,

v.

JOEY BALL,

Appellee.

No. 20-60038

BAP No. 19-1260

MEMORANDUM[*]

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Lafferty III, Taylor, and Faris, Bankruptcy Judges, Presiding

Submitted August 6, 2021[**]
Pasadena, California

Before: PAEZ, CALLAHAN, and HURWITZ, Circuit Judges.

Chapter 7 debtor Victor Huezo appeals the decision of the Bankruptcy

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel ("BAP") affirming the bankruptcy court's judgment declaring a debt owed by Huezo to appellee Joey Ball to be nondischargeable under 11 U.S.C. § 523(a)(2) and (a)(6), and remanding for a recalculation of the judgment amount. We have jurisdiction under 28 U.S.C. § 158(d)(1). "Because we are in as good a position as the BAP to review bankruptcy court rulings, we independently examine the bankruptcy court's decision, reviewing the bankruptcy court's interpretation of the Bankruptcy Code de novo and its factual findings for clear error." *In re Hatton*, 220 F.3d 1057, 1059 (9th Cir. 2000). We affirm.

1. Huezo first argues that Ball's reliance on Huezo's misrepresentations was not justifiable and therefore that the bankruptcy court erred in finding that the debt at issue was nondischargeable under 11 U.S.C. § 523(a)(2). In relevant part, § 523(a)(2) excepts from discharge any monetary debt obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A). To prevail, a creditor must establish the following five elements by a preponderance of the evidence:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). On appeal, Huezo challenges

only the bankruptcy court's factual finding that Ball satisfied the fourth element.

Huezo failed to show that the bankruptcy court clearly erred in finding Ball's reliance on Huezo's misrepresentations justified. The bankruptcy court's lengthy amended memorandum decision, issued after a four-day bench trial, cites evidence adequately supporting its factual findings on this point. For example, the court cited evidence demonstrating: that Ball received inaccurate informational materials from Fremont Investment Holdings, Inc. (Huezo's company), which stated that Fremont's loans to third parties were secured by collateral; that Huezo sent lending activity reports to Ball, which supposedly identified the specific loans Ball's money was funding, and further represented that these loans were secured; that Fremont had a California finance lender's license; and that Ball and Huezo had a longtime mutual friend who vouched for Huezo. While Huezo argues that Ball was a sophisticated investor who should have seen through Huezo's misrepresentations, we agree with the BAP that the bankruptcy court did not clearly err in finding that Ball's reliance on these statements was justifiable.

2.      Huezo next argues that the bankruptcy court clearly erred in finding the debt independently nondischargeable under 11 U.S.C. § 523(a)(6). Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." "[T]he willful injury requirement of § 523(a)(6) is met when it is shown either that the debtor had a

3

subjective motive to inflict the injury *or* that the debtor believed that injury was substantially certain to occur as a result of his conduct." *In re Jercich*, 238 F.3d 1202, 1208 (9th Cir. 2001). "A 'malicious' injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" *Id.* at 1209 (quoting *In re Bammer*, 131 F.3d 788, 791 (9th Cir. 1997) (en banc)).

Huezo contends that the bankruptcy court clearly erred in finding that Huezo intentionally failed to repay Ball, or that Huezo was substantially certain that Ball would be injured by Huezo's conduct. We disagree. Substantial evidence supported the court's finding that Huezo willfully attempted to injure Ball, including (but not limited to) the fact that Huezo repeatedly concealed from Ball how Huezo was using Ball's money, and that Huezo paid himself extravagant and undisclosed commissions using Ball's money.

3.    Huezo further argues that his filing of a premature notice of appeal before the bankruptcy court had entered a final judgment deprived the bankruptcy court of jurisdiction to vacate and amend its post-trial memorandum decision. But a premature notice of appeal from an interlocutory order does not automatically transfer jurisdiction to an appellate court. *In re Rains*, 428 F.3d 893, 903–04 (9th Cir. 2005).

4.    Finally, while this appeal was pending, Huezo twice requested that we

4

issue a limited remand under Federal Rule of Appellate Procedure 12.1 to allow the bankruptcy court to correct the error in the judgment amount identified by the BAP. (ECF Nos. 5 & 8.) We denied both motions for failure to follow the procedures required by Rule 12.1. (ECF Nos. 6 & 11.) Notwithstanding the denial of these motions, the parties appear to have subsequently requested that the bankruptcy court enter an amended final judgment, and the bankruptcy court did so on November 16, 2020. (Am. Final J., Adv. Pro. No. 2:11-ap-02825 (C.D. Cal. Nov. 16, 2020), ECF No. 307.) Because the bankruptcy court lacked jurisdiction to enter an amended final order during the pendency of this appeal without leave of this court, on remand the bankruptcy court is directed to enter a judgment consistent with the instructions from the BAP.

The decision of the BAP is **AFFIRMED**.